[No. 510.    August 24, 1892.]

## JOSE INEZ TRUJILLO, PLAINTIFF IN ERROR, v. TERRITORY OF NEW MEXICO, DEFENDANT IN ERROR.

CRIMINAL LAW—EXCLUSION OF WITNESSES FROM COURT ROOM—ADMISSION OF TESTIMONY AT CLOSE OF EXAMINATION.—In a prosecution for assault with intent to kill, where, at the opening of the case, the witnesses were sworn and put under the rule of exclusion from the court room, the defendant, at the close of the testimony, called and offered to examine witnesses who had not been subpoenaed, sworn, or placed under the rule, without showing that such testimony was material, or without giving any reason for not complying with the order of the court placing witnesses under the rule, the court properly refused to permit the examination of such witnesses.

ERROR, from a judgment convicting defendant of an assault with intent to kill, to the Fourth Judicial District Court, Mora County.   Judgment affirmed.

The facts are stated in the opinion of the court.

E. W. PIERCE for plaintiff in error.

LEWIS C. FORT, district attorney, for defendant in error.

The principle is well settled that the judge may, at his discretion, on the application of either party, order a separation of ordinary witnesses in order that they may be prevented from hearing the testimony of the witnesses as given in the court room.   Rogers, Expert Testimony, p. 90; Greenlf. Ev., sec. 432.

Where the court orders a separation of witnesses, and a party retains one of the witnesses in the house, who hears the testimony of the others, the court may refuse to hear his evidence.   Jackson v. State, 14 Ind.

327; Bishop on Crim. Proc., sec. 1088. The case of Davis v. Byrd, 94 Ind., has no application here. That decision was based upon a different state of facts.

The enforcement of the rule to exclude witnesses, being a matter in the discretion of the trial court, its action thereon will not be reviewed on appeal, unless an abuse of discretion is shown. Shield v. State, 8 Tex. App. 427; Powell v. State, 13 Id. 244; People v. O'Laughlin, 1 W. C. Rep. 164; Harvey v. State, 68 Ga. 612.

Where a witness has not been subpoenaed and no diligence used to secure his attendance, it is within the discretion of the trial court to refuse to allow him to testify after the case is closed but before it is submitted to the jury. State v. Smith, 80 Mo. 516. See, also, Attorney General v. Bulpit, 9 Price, 4; Thomas v. Davis, 7 C. & P. 350; Parker v. McWilliams, 6 Bingh. 683; Cooley's Case, Moo. & Malk. 329; State v. Sparrow, 2 Murph. 487; Wyld's Case, C. & P. 380.

Evidence of character in behalf of the defendant charged with crime is only material in doubtful cases. 1 Archibald's Crim. Prac., p. 400, and cases there cited. See, also, Burrill on Circumstantial Ev. 531; Territory v. Gay, 2 Dak. Ter. 125.

FREEMAN, J.—The accused was indicted at the November term, 1891, of the district court for the county of San Miguel for an assault with intent to kill. The venue was afterward changed to the county of Mora, where, at the March term, 1892, he was put upon his trial and convicted. A single error is assigned, which is this: On application of the territory when the case was called the witnesses were sworn and put under the rule. At the close of the testimony the defendant called and offered to examine five witnesses who had not theretofore been subpoenaed, sworn, or put under the rule. He stated that his sole purpose in call-

ing these witnesses was to examine them as to his character. The territory objected, and the objection was sustained. The accused did not, either at the time he offered these witnesses, nor in his motion for new trial, pretend that they would testify to his good character. Nor is any reason given why they were not sworn at the proper time and placed under the rule. Nor does he pretend that he was surprised by the evidence adduced against him, or that anything intervened during the trial that made this character of evidence important or material. No surprise is suggested, and no reason is offered for not having complied with the rule of the court excluding witnesses. If, therefore, he was entitled as a matter of legal right to examine these witnesses, it follows as a corollary that a defendant in a criminal trial has the right to refuse to obey the order of the court placing his witnesses under the rule. If he had shown, by affidavit or otherwise, that he had not purposely refused to call these witnesses; or that they were absent when these other witnesses were sworn; or that the materiality of their testimony was not discovered until it was too late to put them under the rule, he would have afforded us an opportunity to hold that he was prejudiced by their exclusion. But nothing of this character appears in the record, nor is it claimed on argument here. Nor is this all; for while we are not called upon to assume that the defendant purposely kept these witnesses present in the court room within hearing of the testimony, in order that they might collusively assist in the defense, there is nothing in the record that in the least repels that assumption, or that gives the least color to the good faith of the accused. On the contrary, he stands upon his legal right to defy the order of the court excluding the witnesses, and to make it error on the part of the trial judge to refuse to allow him to examine witnesses kept in the court room in disobe-

*EXCLUSION of witnesses: admission of testimony at close of examination.*

dience of the rule. We think a statement of this proposition carries with it its own answer.

We deem it unnecessary to discuss the two questions raised in the argument: First, as to whether evidence of character is material except in doubtful cases; and, second, whether it is within the discretion of the court to exclude the testimony of a witness who has violated the rule by remaining in the court room during the examination of the witnesses. As to the first proposition the rule seems now to be well settled that the character of the accused touching the nature of the offense with which he stands charged, may, on his motion be put in evidence without regard to the weight of evidence against him. He may introduce evidence of character, not alone for the purpose of turning the scale under doubtful circumstances, but for the purpose of creating the doubt, and as to the second proposition, the better rule seems to be that while the trial judge has the discretion to refuse to allow such witness to be examined, and that on satisfactory proof that such witness had been purposely retained in the court room in violation of the rule, he should refuse such permission, yet, if it should appear that the witness had violated the rule without the knowledge or procurement of the accused, it would be the duty of the court to allow him to be examined, "subject to observation as to his conduct in disobeying the order." 1 Thomp. Trials, sec. 276. Ordinarily, witnesses who are summoned as experts, and those called as to the character of another witness, are excepted from the operation of the rule. Brown v. State, 3 Tex. App. 295. Attorneys in the cause who are called as witnesses are excepted from the rule for the obvious reason that their presence in the court is necessary. But it is nowhere held, so far as we are advised, that, in the absence of a statute, it is not within the discretion of the court to subject witnesses as to character, and

experts, to the requirements of the rule; and, indeed, the learned author of Thompson on Trials says that it is the better exercise of discretion to put such witnesses (experts) under the rule, section 278.    In many of the states the rule of exclusion may be invoked as a matter of right.    Rainwater v. Elmore, 1 Heisk. (Tenn.) 363; Nelson v. State, 2 Swan. (Tenn.) 237; Smith v. State, 4 Lea (Tenn.), 428; Johnson v. State, 14 Ga. 55; State v. Tellers, 7 N. J. Law, 220.    But, as already observed, the record in this case does not require us to pass upon this question.    We simply hold that when, on the opening of a trial either in a civil or criminal case, the parties are required by the order of the court to have their witnesses called and placed under the rule, it is not error for the trial judge to refuse to permit the examination of a witness who has not been put under the rule, in the absence of any offer to show either:    First, any reason or excuse for not having complied with the order of the court placing the witness under the rule; or, second, the materiality of the testimony, which in this case consists in showing that the witnesses, if allowed to do so, would testify to the good character of the accused.    The appellant having failed to comply with either of these requirements, the action of the trial judge in sustaining the objection to the introduction of the excluded witnesses was not erroneous.    The judgment of the court is therefore affirmed.

SEEDS, McFIE, and LEE, JJ., concur.
VOL. 6 N. M.—38