This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellant,

v.                          **NO. 30,780**

**RENE BARRAZA MATA,**

     Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
M. Anne Kelly, Assistant Attorney General
Santa Fe, NM

for Appellant

Chief Public Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

     The State appeals an order granting Defendant's motion to suppress. We proposed to affirm in a notice of proposed summary disposition, and the State has

filed a memorandum in opposition. We remain unpersuaded by the State's arguments and affirm.

In its docketing statement, the State argued that the district court erred in granting Defendant's motion to suppress because the affidavit in support of the warrant was sufficient to establish the knowledge and veracity or credibility of the informant or informants. [DS 2] In our notice of proposed summary disposition, we observed that a search warrant may only issue upon a finding of probable cause. *See State v. Nyce*, 2006-NMSC-026, ¶ 9, 139 N.M. 647, 137 P.3d 587, *limited on other grounds by State v. Williamson*, 2009-NMSC-039, ¶ 29, 146 N.M. 488, 212 P.3d 376; *see also* Rule 5-211 NMRA. We will uphold an issuing court's determination of probable cause "if the affidavit provides a substantial basis to support a finding of probable cause." *Williamson*, 2009-NMSC-039, ¶ 29. We do not substitute our judgment for "that of the issuing court [but instead we] determine whether the affidavit as a whole, and the reasonable inferences that may be drawn therefrom, provide a substantial basis for determining that there is probable cause to believe that a search will uncover evidence of wrongdoing." *Id.* In *Williamson*, our Supreme Court explained that "the substantial basis standard of review is more deferential than the de novo review applied to questions of law, but

less deferential than the substantial evidence standard applied to questions of fact."

*Id.* ¶ 30.

In our previous notice, we set forth the language of the affidavit prepared by Officer Carl Sexton and dated June 10, 2010, in support of the warrant. [RP 71-74] The affidavit states in part that:

> On 4/15/10 an informant said he/she had been collecting money and selling narcotics for various drug dealers . . . includ[ing] [Defendant]. The source said the narcotics that Jeremiah Wright was selling were coming from [Defendant]. Wright is currently facing [trafficking charges. [The informant] has seen 'quantities of methamphetamine, barrels of marijuana and large quantities of firearms' at [Defendant's residence]. [Defendant] acquires guns from gang members and other illegitimate sources in exchange for drugs. He/she said the guns are collected throughout the year.

> Officer Skinner informed me that a confidential and reliable informant who is currently working on the task force informed him that he/she was inside [Defendant's] house approximately three weeks ago [and] [t]he informant advised that he/she stated that they observed [Defendant] hold[ing] a large quantity of marijuana which he was trying to sell to the informant. The informant said Giovanni "Kaos" Bautista . . . a gang member . . . is currently doing . . . work for [Defendant].

> On or about June 9, 2010, I received information from a confidential and reliable informant that [Defendant] was in possession of and is currently selling methamphetamine [and] the informant also advised that [Defendant] is in possession of a black 'assault' rifle and two 'handguns.' **This informant has proven to be reliable twice in the past**.

> The confidential and reliable informant called and informed me that [Defendant] purchased approximately seven ounces of

3

methamphetamine from a 'Theresa Velasquez' and was selling it to unknown clients who stop at his house [.]

On June 9, 2010[,] while conducting surveillance on [Defendant'] house at approximately 15:30 hours, Giovanni was seen conversing with [Defendant] in front of [Defendant's] residence.

[RP 73-74 (emphasis added)]

We then proposed to agree with the district court that foregoing material is insufficient to support the magistrate's probable cause determination because it failed to establish the basis of the informant's knowledge, and it failed to demonstrate the veracity or credibility of the informant. *See State v. Cordova*, 109 N.M. 211, 213, 784 P.2d 30, 32 (1989) (adopting the two-prong test formulated by the "*Aguilar-Spinelli* test" articulated by the Unites States Supreme Court in *Aguilar v. Texas*, 378 U.S. 108 (1964), and *Spinelli v. United States*, 393 U.S. 410 (1969), which requires the affidavit to include: (1) facts establishing an informant's "basis of knowledge" and (2) facts showing the informant's "veracity" (internal quotation marks omitted)).  [RP 69-70]

As addressed in our previous notice, it is impossible to determine the number of informants providing Sexton with information and thus we classify the informant or informants jointly as "informant(s)."  We then indicated that the basis of the informant(s)' knowledge was at best minimally established by the informant(s)' personal observation of  the drugs and weapons in Defendant's

4

possession. *See State v. Whitley*, 1999-NMCA-155, ¶ 4, 128 N.M. 403, 993 P.2d 117, *limited on other grounds by Williamson*, 2009-NMSC-039, ¶ 29.

Even assuming that the informant(s)' personal observations were sufficient to establish the requisite knowledge, we then proposed to conclude that the information in the affidavit was insufficient to establish the informant(s)' veracity or credibility. *See generally State v. Knight*, 2000-NMCA-016, ¶ 20, 128 N.M. 591, 995 P.2d 1033, *limited on other grounds by Williamson*, 2009-NMSC-039, ¶ 29. Under the veracity or credibility prong, the affidavit must set forth sufficient facts for the issuing judge to independently determine either the inherent credibility of an informant or the reliability of the informant's information. *See State v. Steinzig*, 1999-NMCA-107, ¶ 18, 127 N.M. 752, 987 P.2d 409, *limited on other grounds by Williamson*, 2009-NMSC-039, ¶ 29. An informant's veracity or credibility may be established, among other ways, by showing that:

> (1) the informant has given reliable information to police officers in the past[,] (2) the informant is a volunteer citizen-informant[,] (3) the informant has made statements against his or her penal interest[,] (4) independent investigation by police corroborates informant's reliability or information given[,] and (5) facts and circumstances disclosed impute reliability.

*In re Shon Daniel K.*, 1998-NMCA-069, ¶ 12, 125 N.M. 219, 959 P.2d 553 (internal citations omitted), *limited on other grounds by Williamson*, 2009-NMSC-039, ¶ 29.

5

In this case, the only statement arguably against penal interest was the informant's general statement on April 15, 2010, that he/she had been selling an unspecified amount of narcotics to unnamed persons including Defendant.  [RP 73] This statement was made months before the affidavit was submitted and is not enough to establish the requisite veracity or credibility.  *See State v. Barker,* 114 N.M. 589, 593, 844 P.2d 839, 843 (Ct. App. 1992 (holding that in order for a declaration against penal interest to establish an informant's credibility "there must be information in the affidavit that tends to show that the informant would have had a reasonable fear of prosecution at the time he made the statement").

As to historic reliability, the only statement suggesting reliability is the general assertion that the informant has proven reliable twice in the past.  [RP 74] In our notice, we stated that we were unpersuaded this is enough to establish credibility.  *See State v. Therrien,* 110 N.M. 261, 263, 794 P.2d 735, 737 (Ct.  App. 1990) (holding that an officer's statement that "he knew the informant 'to be reliable'" is insufficient to establish credibility (internal quotation marks omitted)), *overruled on other grounds by Barker,* 114 N.M. at 594, 844 P.2d at 844; *cf. Cordova*, 109 N.M. at 217-18, 784 P.2d at 36-37 (finding a confidential informant to be credible based upon the affiant's statement that the informant had provided information in the past which the affiant found to be true and correct from personal

knowledge and investigation); *Steinzig*, 1999-NMCA-107, ¶ 18 (noting that an informant's reliability may be established by showing that the informant has previously given police officers reliable information). Finally, we concluded that the affidavit fails to disclose any information indicating corroboration by independent investigation or any history of cooperation by the informant(s) with law enforcement except the statement that someone named "Giovanni" was seen conversing with Defendant in front of Defendant's home. [RP 74]

In its memorandum in opposition, the State admits that the affidavit is "not a model of clarity." [MIO 5] However, it then argues that, taken as a whole the affidavit provides a substantial basis to support a finding of probable cause. [MIO 5-11] We disagree.

First, contrary to the State's contentions, we disagree that the analysis contained in *State v. Snedeker*, 99 N.M. 286, 657 P.2d 613 (1982), and *State v. Wisdom*, 110 N.M. 772, 800 P.2d 206 (Ct. App. 1990), *overruled on other grounds by Barker*, 114 N.M. at 594, 844 P.2d at 844, warrants a conclusion that the affidavit in this case is sufficient. [MIO 6-7] In *Snedeker* the affiant did not even rely on information provided by an informant. *See* 99 N.M. at 287-88, 657 P.2d at 614-15. In *Wisdom*, the affidavit in support of the warrant relies on information provided by an informant but it also establishes the informants' veracity or

7

credibility by stating that the informants supplying information "have been known to affiant to be reliable having given information on at least three occassions [sic] [occasions] which [sic] [that] has lead [sic] [led] to siezures [sic] [seizures] of controlled substances and recovery of stolen property and/or arrest of suspect." 110 N.M. at 776, 800 P.2d at 210 (alterations in the original). In comparison, the language in this case that one of the informants "has proven to be reliable twice in the past" and the statement calling that informant, or possibly a different informant "confidential and reliable" does not establish the requisite veracity or credibility. [MIO 8] *See Therrien,* 110 N.M. at 263, 794 P.2d at 737 (holding that an officer's statement that "he knew the informant 'to be reliable'" is insufficient to establish credibility).

In its memorandum in opposition, the State also suggests that the information in the affidavit was sufficiently corroborated. [MIO 8-9] We disagree. As previously stated the only "corroboration" was the officer's observation that Defendant was seen talking with Baustista, a known drug dealer in front of Defendant's residence. [MIO 8] We disagree that the officer's observation of one conversation in front of Defendant's residence, without any information regarding the substance of that conversation, constitutes corroboration

8

of the informant(s)' information that Baustista was working for Defendant. [MIO 8]

In conclusion, the State concedes that the affiant "did not strictly state the basis of knowledge and veracity of each informant" but it then argues that the information, taken as a whole "was sufficient information for a detached and neutral judge to determine that there was probable cause to believe Defendant had drugs and weapons at his residence." [MIO 11] We disagree.

As discussed at length in our notice of proposed summary disposition, considering the affidavit as a whole exposes numerous weaknesses: some of the information is almost two months old; it is impossible to determine whether all of the information was provided by the same informant or whether one informant provided the information on April 15, another spoke with Officer Skinner, and a third provided the information on June 9; and it is not clear whether large portions of the actions attributed to Defendant were even observed by the informant(s) or whether the informant(s) merely obtained the information from other sources. Thus, we remain of the opinion that reviewing the affidavit as a whole, including all the reasonable inferences drawn therefrom, fails to provide "a substantial basis to support a finding of probable cause." *Williamson*, 2009-NMSC-039, ¶ 29.

**CONCLUSION**

For the reasons set forth above as well as those discussed in our notice of proposed summary disposition, we affirm the district court's order granting Defendant's motion to suppress.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Chief Judge**

_____

**JONATHAN B. SUTIN, Judge**