CHÁVEZ, Justice (dissenting). {37} Before the government is constitutionally authorized to physically invade the privacy and sanctity of a person’s home based on a search warrant, the affidavit in support of the search warrant must, at a minimum, provide reliable facts and circumstances to establish that it is reasonably probable that the place to be searched presently contains evidence of a crime. Simply describing the place to be searched is not enough to fulfill this requirement. The affidavit must contain information that establishes why the place that is described in detail presently holds evidence of a crime. It could be that the crime occurred in the home of the accused and the affidavit contains reliable facts and circumstances to explain why the affiant believes the place to be searched is the defendant’s home and presently has evidence of the crime. Merely because a residence is described in detail does not provide the judge who reviews the affidavit with the essential evidence to infer that an accused actually lives at the residence. State v. Snedeker, 99 N.M. 286, 292, 657 P.2d 613, 619 (1982). {38} In this case, the warrant issued for the search of 1208 Juanita Street, S.W. in Albuquerque, New Mexico was described in detail. Among the items to be seized was “[a]ny and all documentation that may show possession or ownership of said residence.” As conceded by the prosecution during the hearing on Defendant’s motion to suppress, the affidavit does not provide any direct evidence that the crime occurred at 1208 Juanita Street or that Defendant lived or lives there. Instead, the affidavit contains information that the affiant was dispatched “to an address” where he interviewed a 15-year-old female who claimed that she had been molested by her step-grandfather over the course of four years. She also alleged that her 19-year-old uncle had molested her in his bedroom over the last 15 months, showed her pornographic magazines he kept under his mattress, and showed her “porn” on his computer. The trial judge was unwilling to infer from these facts that Defendant resided or presently resides at 1208 Juanita Street or that the alleged events occurred there. {39} The Court of Appeals affirmed the trial court. In my opinion, both courts correctly applied existing New Mexico law on the subject. Setting aside time considerations, the affidavit must establish a sufficient nexus between (1) criminal activity, (2) the things to be seized, and (3) the place to be searched. In Snedeker, this Court held that it would allow a magistrate to assume that certain stolen property might be located at the home of an accused. 99 N.M. at 292-93, 657 P.2d at 619-20. However, in that case we did not dispense with the basic requirement that the place to be searched must be established to be that of the accused, or that the items sought to be seized are located at the residence. Id. {40} We reaffirmed this basic requirement in State v. Herrera, 102 N.M. 254, 694 P.2d 510 (1985). In Herrera, we acknowledged that “the existence of probable cause to believe that a suspect has committed murder is ordinarily sufficient to justify a search of the suspect’s home, the surrounding area, and his business.” Id. at 257, 694 P.2d at 513. However, we made it abundantly clear that the affidavit in support of the search warrant must still set forth facts stating why law enforcement believes the residence to be searched was the home of the accused or why law enforcement believed that the evidence they sought would be located at the place to be searched. Id. at 258, 694 P.2d at 514. {41} In Herrera, which is strikingly similar to the present case, a thorough description of the residence to be searched was stated in the affidavit and the prosecution conceded that the affidavit lacked descriptive facts showing that the described residence was the home of the accused. Id. at 257, 694 P.2d at 513. As in this ease, the prosecution, relying on Snedeker, argued that the magistrate could infer from, among other things, the detailed description of the place to be searched that the described place was the defendant’s home. Id. This Court rejected the argument, stating that “merely because a residence is described in even minute detail does not provide a magistrate with the necessary evidence to infer that ... the suspect resides at that residence.” Id. at 258, 694 P.2d at 514. In arriving at this conclusion, we analyzed our opinion in Snedeker, noting that we held that probable cause to believe the accused stole property entitled the magistrate to assume that the stolen property could be found at the home of the accused. Id. at 257, 694 P.2d at 513. However, simply because a magistrate can assume that stolen property is presently at the home of the accused does not permit the inference that the only specifically described place to be searched is the accused’s home. Id. at 257-58, 694 P.2d at 513-14. In addition, the conelusory statement in the Herrera affidavit that the described residence was that of the defendant was not sufficient to establish that the place to be searched was the accused’s home. Id. at 258, 694 P.2d at 514. A conelusory statement is insufficient because the magistrate must make an independent judgment that there is probable cause to believe that evidence of a crime is presently located at the place to be searched. State v. Barker, 114 N.M. 589, 591, 594, 844 P.2d 839, 841, 844 (Ct.App.1992). {42} We reaffirmed that Snedeker “does not do away with the basic requirement that the residence to be searched must be established to be that of the suspect, or alternatively, that the items sought to be seized are located at that residence.” Herrera, 102 N.M. at 257-58, 694 P.2d at 513-14. We went on to note that the magistrate in Snedeker was given some facts from which he could infer that the accused lived at the place to be searched — namely, the affiant indicated that he had personal knowledge of where the accused resided, id. at 257, 694 P.2d at 513, and that “[h]is personal and household effects have been moved to the location above described to the best of [the affiant’s] knowledge.” Snedeker, 99 N.M. at 288, 657 P.2d at 615. In direct contrast to the facts in both Snedeker and Herrera, the affidavit in this case does not mention Defendant’s residence, nor does it identify 1208 Juanita Street as Defendant’s residence, the place' where his niece resides, or as a place having any connection to Defendant or the alleged crime. {43} In both Snedeker and Herrera we held that if there is probable cause to believe that the accused stole property or murdered someone, the government is entitled to search the residence of the accused. We presume as a matter of law that evidence of the crime is located at the home of the accused if there is probable cause to believe the accused stole property or committed murder. If the affidavit in support of the search warrant describes the place to be searched in minute detail and even makes the conelusory statement that the described place is the home of the accused, we do not simply ask “in context, what else could the detective have intended to say? More significant still, what other inference could the Issuing Judge reasonably have come to?” Maj. Op. ¶ 25. We have, until today, always required more. Like other jurisdictions, we have required reliable facts and circumstances to establish how the accused is connected to the place to be searched or why evidence of a crime is presently believed to be in the place to be searched. Bouch v. State, 143 P.3d 643, 649 (Wyo.2006); 2 La-Fave, Wayne R., Search and Seizure § 3.7(d) (4th ed. 2004). {44} Finally, the majority opinion’s reliance on the Seventh Circuit’s opinion in United States v. Hunter, 86 F.3d 679, 681 (7th Cir.1996) is misplaced. The affidavit in Hunter “referred four times to Hunter’s residence.” Id. at 682. Based on this information, the Hunter court understandably concluded that “the warrant application and affidavit ... clearly established that the place to be searched was Hunter’s residence.” Id. at 681. In direct contrast to the facts in Hunter, the affidavit challenged in this case makes no mention of Defendant’s residence and does not identify 1208 Juanita Street as Defendant’s residence, the place where his niece resides, or as a place having any connection to Defendant or the alleged crime. What the affiant knew about whether Defendant resided at 1208 Juanita Street or that evidence of the crime was presently located there was kept secret from the issuing judge. Indeed, the affiant’s request to seize items that would establish who occupied or owned the premises gives rise to a reasonable inference that the affiant himself was uncertain whether the place to be searched was the residence of the accused. However, the decision as to whether there is a sufficient nexus between the alleged criminal activity, the evidence to be seized, and the place to be searched is for the court to decide, not the affiant. A basic question any judge must answer when deciding whether to issue a search warrant is “why does the government want to search this place?” If the information is not contained in the affidavit, before ruling on a request for a warrant the judge may require the affiant to appear personally and may examine the affiant under oath, provided such additional evidence is reduced to writing, supported by oath or affirmation and served with the warrant. Rule 5-211(E) NMRA. Because the affidavit in this case did not contain the requisite information, the issuing judge erred in issuing the warrant and the reviewing judge correctly suppressed the evidence. {45} Therefore, I respectfully dissent.