This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellant,

v.                                     **NO.  29,843**

**SARA GONZALES,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Neil C. Candelaria, District Judge**

Gary K. King, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Appellant

John A. McCall
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

In suppressing evidence of drug trafficking found in Defendant's apartment, the district court concluded that "[t]he affidavit [supporting the warrant] did not include sufficient specific facts to establish probable cause for the issuance of a search warrant under the [Fourth] and [Fourteenth A]mendments of the [United States] Constitution . . . [or] under Article II, [S]ections 10 and 18 of the New Mexico Constitution." The State now appeals the district court's suppression order. We affirm, holding that there was not a substantial basis to support a finding of probable cause.

## I.    BACKGROUND

The affidavit, written by a detective, consisted of the following statements. The detective stated that a confidential informant advised him that Defendant's boyfriend, Raymondo Maso, with whom Defendant was residing at the time of the search, sold cocaine on a regular basis. The informant also told the detective that he has known Maso for over six months, and he has purchased cocaine from him in amounts over one ounce. The informant stated that Maso came to his residence on numerous occasions to conduct the drug transactions. The informant provided the makes, models, and license plate numbers for the vehicles that Maso drove to his residence on these occasions. The informant further stated that Maso was still selling drugs by delivery and that he kept a supply at his apartment. The informant made a telephone call to Maso andordered some cocaine, which Maso agreed to sell to him.

The detective then conducted surveillance of Maso and observed him leave his apartment driving one of the vehicles described by the informant. The detective observed Maso meet an unidentified man (not the informant), who was waiting for him at the back of an apartment complex. There, Maso conducted a hand-to-hand transaction with the man. The detective stated that, based on his training and experience as a detective, he recognized this behavior to be consistent with drug trafficking.

Based upon the above information, a district judge issued a warrant. Upon review during a suppression hearing, the district court suppressed the evidence, holding that there was not a substantial basis to support a finding of probable cause.

## II.  DISCUSSION

The State contends that the warrant had a substantial basis to support a finding of probable cause and, therefore, the reviewing district court's suppression order should be reversed. "[A]n issuing court's determination of probable cause must be upheld if the affidavit provides a substantial basis to support a finding of probable cause." *State v. Williamson*, 2009-NMSC-039, ¶ 29, 146 N.M. 488, 212 P.3d 376. "Probable cause to issue the warrant requires a factual showing that there is a reasonable probability that evidence of a crime will be found in the place to be searched." *State v. Vest*, 2011-NMCA-037, ¶ 6, 149 N.M. 548, 252 P.3d 772, *cert.*

*granted*, 2011-NMCERT-005, ___ N.M. ___, ___ P.3d ___ (No. 32,940, May 3, 2011) (internal quotation marks and citation omitted). Probable cause "is more than a suspicion or possibility but less than a certainty of proof. When ruling on probable cause, we deal only in the realm of reasonable possibilities, and look to the totality of the circumstances to determine if probable cause is present." *Williamson*, 2009-NMSC-039, ¶ 31 (internal quotation marks and citations omitted). We limit our review to the four corners of the search warrant affidavit. *Id.*

In this case, the probable cause to search the apartment was based on (1) the informant's statement that Defendant stores a supply of cocaine in the apartment, and (2) the detective's statement that he saw Maso leave the apartment, get into a vehicle, drive to meet an unidentified man, and make a hand-to-hand transaction with that man. We first evaluate whether the informant's statement regarding the supply of drugs in the apartment could create a substantial basis for probable cause. Then, we address whether the detective's observations could establish a substantial basis.

**A.      The Informant's Statement Lacks a Sufficient Basis of Knowledge**

In order to rely upon the informant's statement in the affidavit, it must pass the *Aguilar/Spinelli* test. *State v. Barker*, 114 N.M. 589, 591, 844 P.2d 839, 841 (Ct. App. 1992). Under this test, there are two prongs that must be fulfilled: (1) the basis of knowledge prong and (2) the credibility prong. *Id*. At issue with regard to the

4

informant's statement in this case is the basis of knowledge prong. The basis of knowledge prong "requires that the affidavit include the factual basis for any conclusions drawn by the informant to enable the court to perform an independent analysis of the facts and conclusions." *Id*. This prong requires that the affidavit provide some "indication of how the informant gathered this information" or "sufficient detail concerning the alleged illegal activity" so the reviewing court can determine "whether the affidavit, standing alone, adequately stated the informant's basis of knowledge." *State v. Cordova*, 109 N.M. 211, 218, 784 P.2d 30, 37 (1989).

In this case, the detective did not indicate how the informant knew that the apartment contained a supply of cocaine. There is no indication that the informant had been to the apartment, since he explicitly stated that Maso came to his residence for all of their drug transactions. In addition, the statements in the affidavit fail to provide sufficient detail to be self-authenticating. The affidavit only states the address of the apartment and that "Maso keeps a supply of drugs at [the apartment.]" We conclude that the informant's statements fail to meet the basis of knowledge prong as the affidavit does not provide sufficient detail or explain how he obtained such information. We therefore disregard these statements in evaluating where there was a substantial basis for probable cause to search the apartment.

**B.    The Detective's Statement Does Not Create a Reasonable Inference of Cocaine in the Apartment**

We next address whether the detective's statement provides a substantial basis for probable cause.  In making a probable cause determination, the court issuing the warrant "may draw reasonable inferences from the facts and circumstances alleged in the affidavit." *State v. Gonzales*, 2003-NMCA-008, ¶ 12, 133 N.M. 158, 61 P.3d 867. "A reasonable inference is a conclusion arrived at by a process of reasoning. This conclusion must be a rational and logical deduction from facts admitted or established by the evidence, when such facts are viewed in the light of common knowledge or common experience." *Baca v. Bueno Foods*, 108 N.M. 98, 102, 766 P.2d 1332, 1336 (Ct. App. 1988) (internal quotation marks and citation omitted).

The State argues that the detective's observations create a reasonable inference "that there would be evidence of trafficking at [the apartment.]"  We disagree.  The detective stated that he saw Maso leave the apartment, get into a vehicle, and drive to a location before making a hand-to-hand drug transaction.  All drug transactions mentioned in the affidavit involved vehicles, not the apartment.  This information creates equally possible inferences that the drugs used to conduct that transaction could be stored in either the apartment or the vehicle.  "Evidence from which a proposition can be derived only by speculation among equally plausible alternatives is not substantial evidence of the proposition." *Id.* at 102, 766 P.2d at 1336.  Based

6

upon the detective's statement, there was substantial evidence that drugs were in Maso's vehicle. This was confirmed by his observation of the drug transaction in the back of an apartment complex. It was also confirmed by the informant's description of other drug buys that occurred at the informant's residence, to which Maso presumably traveled. Without more detailed information about how drugs may have been present in Maso's apartment, specifically only one plausible proposition was established by the actual facts. The alternative proposition of drugs located at Maso's apartment remained mere speculation with no factual foundation. Such speculation, insufficient to meet even a substantial evidence standard, is also insufficient to meet the substantial basis burden. *State v. Gurule*, 2011-NMCA-063, ¶ 15, 150 N.M. 49, 256 P.3d 992, *cert. granted*, ___-NMCERT-___, ___ N.M. ___, ___ P.3d ___ (No. 33,023, June 8, 2011) ("[T]he substantial basis standard of review is more deferential than the de novo review applied to questions of law, but less deferential than the substantial evidence standard applied to questions of fact." (internal quotation marks and citation omitted)).

Because the detective's statements supported no more than a speculation that the apartment contained drugs, we conclude that it fails to establish a reasonable inference to create a substantial basis for a finding of probable cause.

**III.    CONCLUSION**

Because there is not a substantial basis for a finding of probable cause based upon any of the information provided in the affidavit, we affirm the district court's suppression order.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**I CONCUR:**

_____
**TIMOTHY L. GARCIA, Judge**

**JAMES J. WECHSLER, Judge (dissenting)**

**WECHSLER, Judge (dissenting).**

Our Supreme Court has recently "advised district judges reviewing a search warrant after the fact to defer to the judgment and reasonable inferences of the judge who issued the warrant." *State v. Trujillo*, 2011-NMSC-___ , ¶ 1, ___ N.M. ___, ___ P.3d ___ (No. 32,234, Oct. 27, 2011). In my view, the information in the affidavit provided a substantial basis to give deference to the original district judge's finding of probable cause. I believe that, although the informant's conclusory statement is insufficient in isolation, the informant's personal knowledge of the drug operation over a period of six months and the affiant's personal observation of Maso leaving the apartment and conducting a drug transaction is sufficient to infer that the apartment contained a supply of drugs. I therefore respectfully dissent.

_____
**JAMES J. WECHSLER, Judge**

9