This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                         **NO. 33,200**

**RAY HODGE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Freddie J. Romero, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1} Defendant Ray Hodge appeals his conviction for trafficking methamphetamine. In our notice of proposed summary disposition, we proposed to affirm. In response to this Court's notice, Defendant has filed a memorandum in opposition, which we have duly considered. As we do not find Defendant's arguments persuasive, we affirm.

**Motion to Suppress**

{2} Defendant contends that the district court erred in denying his motion to suppress evidence that he claims was obtained pursuant to an invalid search warrant. [DS 2] In this Court's notice of proposed summary disposition, we proposed to find no error. We relied on the fact that the hearsay statements contained in the affidavit in support of the warrant were made by a named informant whose statements were against his penal interest. *See State v. Steinzig*, 1999-NMCA-107, ¶ 19, 127 N.M. 752, 987 P.2d 409 ("[A] named informant has greater incentive to provide truthful information because he . . . is subject to unfavorable consequences for providing false or inaccurate information to a greater degree than an unnamed or anonymous individual."), *limited on other grounds by State v. Williamson*, 2009-NMSC-039, ¶ 29, 146 N.M. 488, 212 P.3d 376; *State v. Barker*, 1992-NMCA-117, ¶ 6, 114 N.M. 589, 844 P.2d 839 (stating that "people do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admission; thus, admissions of crime may carry their own indicia of credibility").

**{3}** In Defendant's memorandum in opposition, he relies on a number of cases discussing whether a hearsay statement made by a witness who is unavailable to testify at trial is sufficiently reliable to be admitted into evidence pursuant to Rule 11-804(B)(3) NMRA. [MIO 6-7] As this is not the legal question before this Court, and as Defendant provides no authority to support an argument that the Rule 11-804(B)(3) standard applies when assessing a warrant to determine if it provides a substantial basis for concluding that the place to be searched contains evidence of a crime, we presume that these authorities are inapplicable. *See In re Adoption of Doe,* 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that when a party cites no authority in support of a proposition, this Court may assume that this is because the party has researched the matter and failed to find any supporting authority).

**{4}** Defendant also relies on a statement in *State v. Dietrich*, 2009-NMCA-031, ¶ 16, 145 N.M. 733, 204 P.3d 748 that distinguishes between "*unnamed* police contacts or informers" and citizen-informers who are giving information in the "spirit of a concerned citizen." (Emphasis added.) (internal quotation marks and citation omitted). However, here, the informant was a named informant, and we therefore conclude that *Dietrich* does not support Defendant's claim that the informant was inherently unreliable. Accordingly, we find no error in the district court's denial of Defendant's motion to suppress.

**The Agreement Not to Prosecute**

{5} Defendant contends that the district court erred in concluding that he breached the terms of his agreement with the State. [DS 4-5] In this Court's notice of proposed summary disposition, we proposed to conclude that there was sufficient evidence to establish that Defendant failed to provide law enforcement with the five defendants that he had agreed to provide. In the alternative, we stated that even if there was not sufficient evidence to establish that Defendant had agreed to provide five defendants, we proposed to hold that there was sufficient evidence to establish that Defendant had failed to maintain communication with the task force until all court cases in which he was involved were closed.

{6} In Defendant's memorandum in opposition, he only addresses the number of defendants that he agreed to provide; he does not address our conclusion that even if he was required to provide fewer than five defendants, he breached the agreement by failing to maintain contact with the task force until all cases in which he was involved were closed. As we stated that this was an independent basis for upholding the district court's decision, and as Defendant has provided no facts or argument to counter this basis, we conclude that he has failed to demonstrate error in the district court's determination that he breached the agreement. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly

4

held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{7}     Therefore, for the reasons stated here and in our notice of proposed summary disposition, we affirm.

{8}     **IT IS SO ORDERED.**


_____
                                        **MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Chief Judge**


_____
**TIMOTHY L. GARCIA, Judge**