Certiorari Granted, May 3, 2011, No. 32,940

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2011-NMCA-037

Filing Date: March 8, 2011

Docket No. 28,888

STATE OF NEW MEXICO,

 Petitioner-Appellee,

v.

SHANE R. VEST,

 Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY
Donald C. Schutte, District Judge

Gary K. King, Attorney General
Ann M. Harvey, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Carlos Ruiz de la Torre, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## OPINION

**WECHSLER, Judge.**

**{1}** Defendant Shane Vest appeals his conviction, pursuant to a conditional plea agreement, for distribution of marijuana and possession of drug paraphernalia. Defendant appeals specifically from the district court's denial of his motion to suppress. He argues that no probable cause existed to issue a warrant to search his home because the State failed to establish the veracity of its confidential informant. We hold that the informant's

1

participation in two controlled purchases of controlled substances did not sufficiently establish the informant's veracity and that the observations of the affiant law enforcement officer of activity consistent with drug trafficking did not sufficiently corroborate the informant's observations to justify the issuance of the warrant. We therefore reverse.

## BACKGROUND

{2}     The parties agree to the relevant facts in this case. On January 7, 2008, officers executed a search warrant at Defendant's residence, a green and white camping trailer. The search warrant was signed by a magistrate judge and contained a supporting affidavit with the following information:

> Affiant [a Village of Logan Police Officer] knows [Defendant's] previous address was located at 102 Morningside in Logan, New Mexico where he lived in the same green and white camper trailer. Affiant has observed this residence on four occasions for approximately an hour. Affiant witnessed as many as seven vehicles and as few as two vehicles come to the residence and only stay for approximately five minutes. [Defendant] moved his trailer to the Arrowhead RV Park on [11-1-07] and Affiant has observed the same type of traffic.

> Within the past 48 hours a Region V Drug Task Force confidential informant was at the residence of [Defendant], 503 Highway 54, Arrowhead RV Park, Slip 33. While there the informant observed [Defendant] handling a large quantity of marijuana. The marijuana was packaged in clear sandwich type bags and stored in a clear zip-lock type bag. The informant described the quantity to be between ¼ pound and ½ pound.

> Affiant believes this informant to be credible because the informant has performed at least two supervised controlled purchases of quantities of controlled substances. The informant is familiar with [m]arijuana, its appearance and usage, through life experience and previous usage.

{3}     Upon executing the search warrant, officers found currency, guns, ammunition, packaged quantities of marijuana, scales, packaging materials, and drug paraphernalia. Defendant was charged with distribution of marijuana and possession of drug paraphernalia.

{4}     Defendant filed a motion to suppress in the district court, arguing that the informant's participation in two controlled buys did not establish his veracity. Defendant asserted that the affidavit lacked the specificity to provide sufficient information for a magistrate to make an independent determination as to the existence of probable cause to support the issuance of a warrant.

{5}     The district court denied the motion to suppress. It specifically found that the

2

magistrate could have reasonably concluded that the information was reliable based on: (1) the officer's personal observations of suspicious behavior at Defendant's home; (2) the informant's capacity as an informant for the Region V Drug Task Force; (3) the informant's past illicit activity with controlled substances; (4) the informant's personal relationship with Defendant as demonstrated, and; (5) the informant's participation in controlled buys that are described as "at least two." Defendant then entered a conditional plea, reserving the right to appeal.

**STANDARD OF REVIEW AND LEGAL FRAMEWORK**

**{6}** "The Fourth Amendment to the United States Constitution and [A]rticle II, [S]ection 10 of the New Mexico Constitution both require probable cause to believe that a crime is occurring or seizable evidence exists at a particular location before a search warrant may issue." *State v. Nyce*, 2006-NMSC-026, ¶ 9, 139 N.M. 647, 137 P.3d 587. Probable cause to issue the warrant requires a factual showing "that there is a reasonable probability that evidence of a crime will be found in the place to be searched." *State v. Gonzales*, 2003-NMCA-008, ¶ 12, 133 N.M. 158, 61 P.3d 867. We note this case involves the search of a dwelling place, an area that is "ordinarily afforded the most stringent [F]ourth [A]mendment protection." *State v. Clark*, 105 N.M. 10, 12, 727 P.2d 949, 951 (Ct. App. 1986).

**{7}** A search warrant may be issued when "sufficient facts are presented in a sworn affidavit to enable the magistrate to make an informed, deliberate, and independent determination that probable cause exists." *Gonzales*, 2003-NMCA-008, ¶ 11; *see also* Rule 5-211 NMRA (describing issuance, contents, execution, return, and probable cause requirements for search warrants). "The degree of proof necessary to establish probable cause for the issuance of a search warrant is more than a suspicion or possibility but less than a certainty of proof." *Gonzales*, 2003-NMCA-008, ¶ 12 (internal quotation marks and citation omitted). "Thus, the magistrate must have sufficient facts upon which to conclude that there is a reasonable probability that evidence of a crime will be found in the place to be searched." *Id.* In making this determination, we consider solely the information within the four corners of the affidavit submitted in support of a search warrant. *State v. Williamson*, 2009-NMSC-039, ¶ 31, 146 N.M. 488, 212 P.3d 376; *see State v. Barker*, 114 N.M. 589, 590, 844 P.2d 839, 840 (Ct. App. 1992).

**{8}** With respect to probable cause determinations, our Supreme Court has recently clarified the applicable standard of review.

> Our inquiry focuses on the *issuing* judge's conclusion as to probable cause. In this case, that means we look at the magistrate's conclusions, not the district court's. If we conclude that the magistrate's conclusions as to probable cause were correct, we uphold those conclusions regardless of the decision reached by the district court.

3

*State v. Evans*, 2009-NMSC-027, ¶ 12, 146 N.M. 319, 210 P.3d 216.

**{9}** "[A]n issuing court's determination of probable cause must be upheld if the affidavit provides a substantial basis to support a finding of probable cause." *Williamson*, 2009-NMSC-039, ¶ 29 (partially overruling all previous case law to the extent the case applies a de novo rather than substantial basis standard of review).

> A reviewing court should not substitute its judgment for that of the issuing court. Rather, . . . the reviewing court must determine whether the affidavit as a whole, and the reasonable inferences that may be drawn therefrom, provide a substantial basis for determining that there is probable cause to believe that a search will uncover evidence of wrongdoing.

*Id.* The Court has explained that "the substantial basis standard of review is more deferential than the de novo review applied to questions of law, but less deferential than the substantial evidence standard applied to questions of fact." *Id.* ¶ 30. Accordingly, "if the factual basis for the warrant is sufficiently detailed in the search warrant affidavit and the issuing court has found probable cause, the reviewing courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner." *Id.* (alteration, internal quotation marks, and citation omitted).

**{10}** In light of the foregoing considerations, we turn to the specifics of this case.

**THE VERACITY PRONG OF THE *AGUILAR-SPINELLI* TEST**

**{11}** With regard to hearsay statements made by informants, in *State v. Cordova*, 109 N.M. 211, 217, 784 P.2d 30, 36 (1989), our Supreme Court adopted, as a matter of state constitutional law, the confidential informant test first formulated by the United States Supreme Court in *Aguilar v. Texas*, 378 U.S. 108 (1964), and *Spinelli v. United States*, 393 U.S. 410 (1969), *overruled in part by Illinois v. Gates*, 462 U.S. 213 (1983). This test is primarily aimed at confidential informants. *See State v. Dietrich*, 2009-NMCA-031, ¶¶ 12-13, 145 N.M. 733, 204 P.3d 748 (noting that the identification of an informant by name is a significant factor in determining the reliability of the information because a "named informant has greater incentive to provide truthful information . . . than an unnamed or anonymous individual" and explaining that the strictures of *Aguilar-Spinelli* are primarily aimed at unnamed police informers (internal quotation marks and citation omitted)).

**{12}** In adopting the *Aguilar-Spinelli* test, our Supreme Court specifically rejected the totality of the circumstances test set forth in *Gates*. *See Cordova*, 109 N.M. at 217, 784 P.2d at 36. Our appellate courts have explained:

> The *Aguilar/Spinelli* test is designed to ensure that the court, rather than the police, make the determination that probable cause, based on reliable information, is present. Thus, the first prong of the test requires that the

4

affidavit include the factual basis for any conclusions drawn by the informant to enable the court to perform an independent analysis of the facts and conclusions. The second prong requires that facts be presented to the court to show either that the informant is inherently credible or that the information from the informant is reliable on this particular occasion. These requirements are often referred to as the basis of knowledge and veracity (or credibility) tests.

*Barker*, 114 N.M. at 591, 844 P.2d at 841 (internal quotation marks and citations omitted). Thus, the allegations of an informant cannot provide probable cause to issue a search warrant unless both the basis of the informant's knowledge and the veracity of the informant are demonstrated. *See Cordova*, 109 N.M. at 214, 784 P.2d at 33.

**{13}** Defendant does not appear to challenge the basis-of-knowledge prong of the test but rather solely challenges the veracity of the informant. "Under the veracity prong, the affidavit must set forth sufficient facts for the issuing judge to independently determine either the inherent credibility of the informants or the reliability of their information." *State v. Steinzig*, 1999-NMCA-107, ¶ 18, 127 N.M. 752, 987 P.2d 409. In *In re Shon Daniel K.*, this Court explained that:

> Reliability of an informant may be established, among other ways, by showing that: (1) the informant has given reliable information to police officers in the past; (2) the informant is a volunteer citizen-informant; (3) the informant has made statements against his or her penal interest; (4) independent investigation by police corroborates informant's reliability or information given; and (5) facts and circumstances disclosed impute reliability.

1998-NMCA-069, ¶ 12, 125 N.M. 219, 959 P.2d 553 (citations omitted); *see State v. Knight*, 2000-NMCA-016, ¶ 20, 128 N.M. 591, 995 P.2d 1033 (enumerating ways in which reliability of an informant may generally be established, including past performance and independent corroboration); *Steinzig*, 1999-NMCA-107, ¶¶ 21-24 (stating that the informant's credibility may be corroborated by law enforcement's investigation and observation); *State v. Shaulis-Powell*, 1999-NMCA-090, ¶ 13, 127 N.M. 667, 986 P.2d 463 (holding that an anonymous tip was adequately corroborated by the officers' visit to the location and observation of plants that appeared, based on the officers' experience, to be marijuana).

**{14}** Of the *In re Shon Daniel K.* factors, only the first and the fourth apply in this case. First, the State concedes that the informant was not a volunteer citizen informant. Second, we disagree with the State that the informant's statement was made against penal interest. Although the affidavit indicates "[t]he informant is familiar with [m]arijuana, its appearance and usage, through life experience and previous usage," we agree with Defendant that there is nothing in this statement to suggest that the informant implicated himself in any crime for

which he would have had a reasonable fear of prosecution. *See, e.g.*, *Barker*, 114 N.M. at 592, 844 P.2d at 842 (reiterating that in order for a statement against penal interest to be used to establish the credibility of the informant, there must be a nexus between the informant's statement against his penal interest and the criminal activity for which probable cause to search is being established and explaining that past use by an informant generally will not suffice as the nexus). Third, we see nothing in the affidavit that reasonably imputes credibility or reliability. While the district court partially based its decision on the fact that the informant was designated as a Region V Drug Task Force confidential informant, there is nothing in the record indicating what that designation means or how it is achieved. For example, there was no testimony as to the extent or nature of any screening process for such informants. Nor do we agree that the details about packaging and storage of marijuana provided by the informant establish the overall credibility or reliability of the informant. As the State suggests, those details may be used to help establish the basis-of-knowledge test. *Id.* at 591, 844 P.2d at 841. They are not, however, sufficient to establish the informant's credibility or reliability.

{15}    We are therefore left with establishing the credibility or reliability of the informant through the informant's providing of past reliable information, through independent corroboration, or through some other means. With regard to the informant providing past reliable information, Defendant contends that the affidavit merely contained conclusory assertions, rather than any actual evidence the informant had provided reliable information in the past. To this extent, we agree with Defendant.

{16}    By the very nature of the determination of probable cause, the analysis of the issuing judge addresses the probabilities provided by the facts. *See Nyce*, 2006-NMSC-026, ¶ 10 ("When ruling on probable cause, we deal only in the realm of reasonable probabilities, and look to the totality of the circumstances to determine if probable cause is present."). The use of a confidential informant necessarily involves a degree of risk as to the informant's veracity. *Cf. Barker*, 114 N.M. at 591, 844 P.2d at 841 (stating that the purpose of the *Aguilar-Spinelli* test is to ensure the reliability of information used to make a probable cause determination). The mere fact that a confidential informant has provided reliable information in the past does not necessarily mean that the informant will do so again. *Knight*, 2000-NMCA-016, ¶ 20. However, "[w]e accept past performance as indicia of veracity because of the probability that the uncertain present result will be the same as in the past." *Id.*

{17}    As to the past performance in this case, the affidavit states that the informant observed Defendant with a large quantity of marijuana in Defendant's residence. As the basis for relying on this observation, that affidavit states that the "[a]ffiant believes this informant to be credible because the informant has performed at least two supervised controlled purchases of quantities of controlled substances." The difficulty with this statement is that it does not provide information that can assist the magistrate in weighing the probabilities as to whether the informant is reliable. It does not indicate that the informant provided any information in the past, only that the informant cooperated with

6

officers while under supervision to make purchases of controlled substances. That is not to say that the informant did not reliably assist officers in conducting controlled purchases, but the activity the informant performed is not the same as that of providing reliable information that officers then used to purchase controlled substances. Without more information concerning the informant's activity, the affidavit does not directly bear upon the informant's previous reliability in obtaining and relating information about criminal activity.

**{18}** We are mindful that our substantial basis analysis requires that we give deference to the magistrate's probable cause determination. Moreover, our case law recognizes that minimal details can be sufficient to demonstrate a confidential informant's reliability. For example, in *Cordova*, our Supreme Court held that the affiant's statement that the confidential informant had provided information in the past that the affiant found to be true and correct from personal knowledge and investigation was sufficient to justify a warrant. *Cordova*, 109 N.M. at 217-18, 784 P.2d at 36-37. In *State v. Montoya*, 114 N.M. 221, 225, 836 P.2d 667, 671 (Ct. App. 1992), this Court held that the affiant's statement that the confidential informant had provided reliable information many times in the past was sufficient to establish the credibility of the informant. However, we stress again that this case is different. In *Cordova* and *Montoya*, the informants provided information in the past that the affiant was able to determine was credible or reliable. In this case, the affidavit does not state that the informant provided any previous information, but only that the informant participated in controlled purchases.

**{19}** Nevertheless, even though the affidavit here was not sufficient to establish the informant's credibility or reliability based on the informant's past performance, this deficiency is not fatal to a probable cause determination if the affidavit otherwise demonstrates the credibility or reliability of the informant's information. As stated in the fourth factor of *In re Shon Daniel K.*, independent corroboration of an informant's information can fulfill this need. 1998-NMCA-069, ¶ 12.

**{20}** To justify the issuance of the warrant, the affidavit must demonstrate reasonable grounds to conclude "(1) that the items sought to be seized are evidence of a crime; and (2) that the criminal evidence sought is located at the place to be searched." *State v. Whitley*, 1999-NMCA-155, ¶ 5, 128 N.M. 403, 993 P.2d 117 (internal quotation marks and citation omitted). The affidavit, dated January 7, 2008, reported observations of the informant within the previous forty-eight hours. The informant's observations indicated that evidence of a crime could be located at Defendant's residence. The affiant, a police officer, stated that he had observed Defendant's residence on several earlier occasions, four times at its previous location and at least once on or after November 1, 2007, at its current location. The affiant witnessed multiple vehicles arriving at the residence and staying only for approximately five minutes. Traffic patterns to and from a defendant's home are relevant to whether a defendant is trafficking controlled substances. *See State v. Doe*, 103 N.M. 178, 182, 704 P.2d 432, 436 (Ct. App. 1984) (stating that heavy traffic to and from a defendant's home supports an inference that the defendant is trafficking drugs).

**{21}** The State contends that the affiant's observations corroborate the informant's credibility or reliability. Defendant asserts, to the contrary, that the affiant's information does not corroborate the informant's credibility or reliability because it was stale information in that it did not pertain to ongoing criminal activities. While we agree with Defendant that stale information does not provide probable cause for the issuance of a warrant, we must view the affidavit as a whole in determining its sufficiency. *Whitely*, 1999-NMCA-155, ¶ 3. The affiant's information concerning his own observations of Defendant's residence does not, in itself, provide probable cause for the issuance of the warrant. *See Nyce*, 2006-NMSC-026, ¶ 14 (stating that mere suspicion about ordinary, non-criminal activities does not provide probable cause). However, even though information is not sufficient to provide probable cause does not mean that it cannot serve as corroborative information of an informant's credibility or reliability. Certainly, if the affiant had made his observations in the same time period addressed by the informant, the affiant's information would corroborate the informant's observations and bear upon the informant's credibility or reliability. *See State v. Donaldson*, 100 N.M. 111, 116, 666 P.2d 1258, 1263 (Ct. App. 1983) (holding that an affidavit was sufficiently reliable when law enforcement affiant detailed personal observations and therefore corroborated information from a confidential informant).

**{22}** But the flaw in the State's position is that there was no timely corroboration of the informant's information. Although the affiant had observed suspicious activity that was consistent with drug trafficking, and his observations were further consistent with the informant's observations, the affiant could not corroborate the reliability of the informant's report that Defendant had present possession of marijuana. This information was essential to the probable cause determination because the "privacy of a home is afforded the highest level of protection by our state and federal constitutions." *Nyce*, 2006-NMSC-026, ¶ 12. If the informant's report were correct, we presume that the affiant could have corroborated it by additional surveillance. However, without it or other present information that corroborated the informant's information, the magistrate did not have a substantial basis to conclude that the informant was reliable.

**CONCLUSION**

**{23}** We reverse the district court and hold that the affidavit was insufficient to support a finding of probable cause to issue the warrant.

**{24}    IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

8

**JONATHAN B. SUTIN, Judge**

**Topic Index for *State v. Vest*, Docket No. 28,888**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-SR | Standard of Review |
| | |
| **CT** | **CONSTITUTIONAL LAW** |
| CT-FA | Fourth Amendment |
| | |
| **CL** | **CRIMINAL LAW** |
| CL-CL | Controlled Substances |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-IR | Informer |
| CA-MR | Motion to Suppress |
| CA-PA | Probable Cause |
| CA-SW | Search Warrant |