This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **NO. 31,332**

**FRANCES DENISE MEJIA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Kimberly Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant appeals her convictions for trafficking a controlled substance and

possession of drug paraphernalia. We proposed to affirm in a calendar notice, and we have received a memorandum in opposition to our notice. We have duly considered Defendant's arguments, but we find them unpersuasive. We affirm.

Defendant continues to claim that it was error to deny her motion to suppress evidence and her motion to disclose the informant. Defendant claims that the affidavit in support of the search warrant did not establish the informant's basis of knowledge, veracity, or reliability and did not provide probable cause for the search. Probable cause requires more than a possibility but less than a certainty of proof, and the facts in an affidavit for search warrant must allow the magistrate to make an independent determination of probable cause. *State v. Vest*, 2011-NMCA-037, ¶ 7, 149 N.M. 548, 252 P.3d 772, *cert. granted*, 2011-NMCERT-005, ___ N.M. ___, ___ P.3d ___ (No. 32,940, May 3, 2011). This Court looks at the affidavit as a whole and the reasonable inferences to be drawn from the affidavit in order to determine whether there is a factual basis for the finding of probable cause. *Id.* ¶ 9. We will not view the affidavit in a "hypertechnical" manner. *Id.* (internal quotation marks and citation omitted).

The information provided to the magistrate was as follows: the informant had been used in the "apprehension, arrest and/or prosecution" in other cases; the informant was familiar with the appearance of the drug, how it is packaged, and how it is ingested; the informant told the officer that Defendant and her twin brother were

in possession and selling the drug from their home; the informant made a controlled buy from the home on July 8 and was told by Defendant's brother to come back if the informant wanted more; during surveillance of the home on July 13, four individuals in different vehicles arrived at the home and then left after a short time, which the officer believed, based on his experience and training, was consistent with trafficking drugs; the informant made another controlled buy from the home on July 15 and was told by Defendant to come back if the informant wanted more. [RP 113-117] The information provided was very detailed. The information that Defendant and her brother were selling drugs from their home was corroborated by the controlled buy, followed by surveillance, followed by another controlled buy. *Id.* ¶¶ 17, 21. The information established the informant's basis of knowledge, credibility, and reliability. Although Defendant attacks the affidavit in bits and pieces, the affidavit as a whole and the reasonable inferences to be drawn from the affidavit provided a substantial basis for a finding of probable cause.

Defendant continues to claim that disclosure of the informant was necessary to the preparation or presentation of her defense because the informant was the only witness to the purchases. In making this argument, Defendant again states that the informant was not reliable or credible. [MIO 20-21] As we have discussed, the affidavit established the credibility and reliability of the informant. Moreover, the

crimes charged were not based on purchases witnessed by the informant, but were based on evidence found when the search warrant was executed. *See State v. Chandler*, 119 N.M. 727, 733, 895 P.2d 249, 255 (Ct. App. 1995). The district court did not abuse its discretion by refusing to hold an *in camera* hearing and refusing to disclose the informant.

For the reasons discussed in this opinion and in our calendar notice, we hold that it was not error for the district court to deny Defendant's motions to disclose the confidential informant and to suppress evidence seized in the search. We affirm Defendant's convictions.

**IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**CELIA FOY CASTILLO, Chief Judge**


_____
**J. MILES HANISEE, Judge**

4