This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                 **NO. 33,026**

**ANGELO M.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Jeff F. McElroy, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
David Henderson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

**{1}** Child is appealing from a consent decree entered after Child admitted to committing non-residential burglary. We issued a calendar notice proposing to affirm. Child has responded with a memorandum in opposition. We affirm.

**{2}** Child's plea specifically reserved the issue of whether the district court erred by ruling that the information contained in the affidavit in support of the search warrant was sufficient for the issuing judge to make a finding of probable cause. "A search warrant may be issued when sufficient facts are presented in a sworn affidavit to enable the magistrate to make an informed, deliberate, and independent determination that probable cause exists." *State v. Vest*, 2011-NMCA-037, ¶ 7, 149 N.M. 548, 252 P.3d 772 (internal quotation marks and citation omitted), *cert. quashed*, 2012-NMCERT-004, 150 N.M. 667, 293 P.3d 887; *see* Rule 5-211 NMRA. The degree of proof required to establish probable cause to issue a search warrant is less than a certainty of proof but more than a suspicion or possibility. *See State v. Gonzales*, 2003-NMCA-008, ¶ 12, 133 N.M. 158, 61 P.3d 867, *limited on other grounds by State v. Williamson*, 2009-NMSC-039, ¶ 29, 146 N.M. 488, 212 P.3d 376. "Thus, the magistrate must have sufficient facts upon which to conclude that there is a reasonable probability that evidence of a crime will be found in the place to be searched." *Vest*, 2011-NMCA-037, ¶ 7 (internal quotation marks and citation omitted).

"In making this determination, we consider solely the information within the four corners of the affidavit submitted in support of a search warrant." *Id.*

{3}    We review the sufficiency of an affidavit submitted in support of the issuance of a search warrant for a substantial basis to support the issuing judge's probable cause determination. *See State v. Trujillo*, 2011-NMSC-040, ¶ 17, 150 N.M. 721, 266 P.3d 1 ("[A]n issuing court's determination of probable cause should not be reviewed de novo but, rather, must be upheld if the affidavit provides a substantial basis to support a finding of probable cause." (internal quotation marks and citation omitted)). Under substantial basis review, "[a] reviewing court should not substitute its judgment for that of the issuing court." *Id.* (internal quotation marks and citation omitted). "Rather, it is the reviewing judge's duty to determine whether the affidavit as a whole, and the reasonable inferences that may be drawn therefrom, provide a substantial basis for determining that there is probable cause to believe that a search will uncover evidence of wrongdoing." *Id.* (internal quotation marks and citation omitted). "The substantial basis standard of review is more deferential than the de novo review applied to questions of law, but less deferential than the substantial evidence standard applied to questions of fact." *Id.* ¶ 18 (alteration, internal quotation marks, and citation omitted).

{4}     The substantial basis standard "does not preclude the reviewing court from conducting a meaningful analysis of whether the search warrant was supported by probable cause." *Id.* ¶ 19 (internal quotation marks and citation omitted). [Second Response 5] "Rather, if, after reviewing the affidavit as a whole, the direct and circumstantial evidence alleged, as well as all reasonable inferences to be drawn from those allegations, does not support the issuing court's determination of probable cause, then the search is invalid and unreasonable." *Id.* (alterations, internal quotation marks, and citation omitted). "But, if the factual basis for issuing the warrant is sufficiently detailed in the affidavit, and the issuing court has found probable cause, the reviewing courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than commonsense, manner." *Id.* (alteration, internal quotation marks, and citation omitted).

{5}     Here, the search warrant contained the following pertinent information. The officer/affiant stated that he was flagged down by a newspaper vendor at 7 a.m. in reference to a commercial burglary at a downtown Taos store. [RP 40] The officer arrived at the store and found obvious signs of a burglary, including broken glass near an open door and a display case containing glass pipes and smoking paraphernalia that had been broken into. [RP 40] An individual who wished to remain anonymous informed the officer that an hour earlier they had found a cell phone ten feet from the

4

entry to the store. [RP 40] The officer pressed the speed dial on the phone for the number labeled "Mom," which led to contact with Child's parents, who said they would bring their son to the police station when they located him. [RP 40] At 7:30 a.m. the store owner arrived, and thereafter identified a broken bong that was found at Kit Carson Park that morning. [RP 40] Child thereafter appeared at the station with his father, and told officers that he had spent the evening at Kit Carson Park, and had lost his phone there. [RP 41] Based on this information, a search warrant was issued to see if Child's DNA matched the blood found at the scene.

{6}     Child continues to challenge the reliability of the anonymous individual who stated to the officer that they found the phone within ten feet of the store. Generally, citizen informants can be deemed to be more reliable than others, because "citizens presumably have nothing to gain by fabrication." *State v. Contreras*, 2003-NMCA-129, ¶ 10, 134 N.M. 503, 79 P.3d 1111(internal quotation marks and citation omitted). However, as Child correctly observes [MIO 7-8], the mere label of "citizen-informant," without more, does not establish the requisite reliability. For example, our Supreme Court has determined reliability is not established "where an informant's details were limited and provided only innocent facts unrelated to the alleged illegal activity." *State v. Haidle*, 2012-NMSC-033, ¶ 26, 285 P.3d 668. The details in the present case were not necessarily innocent facts, because they involved

a cell phone found at a crime scene. In light of the corroborating facts linking Child to the burglary—namely stolen property found at the place where Child admitted to being present—we believe that it was reasonable for the issuing judge to believe that the anonymous individual was being truthful. *Cf. In re Shon Daniel K.*, 1998-NMCA-069, ¶ 13, 125 N.M. 219, 959 P.2d 553 (holding that "a generic recitation that an individual is a 'citizen-informant' is insufficient to raise an inference that the informant is credible" in the absence of specific corroborating facts about the source's truthfulness). To the extent that Child is arguing [MIO 6-7] that the informant's behavior raises questions—such as why he did not call police and why he was still in the vicinity over an hour after finding the phone—our standard of review compels us to deferring to issuing court on reasonable inferences to be derived from the facts. *See Trujillo*, 2011-NMSC-040, ¶ 17.

{7}     For the reasons set forth above, we affirm.

{8}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**
**WE CONCUR:**


_____
**LINDA M. VANZI, Judge**

_____
**J. MILES HANISEE, Judge**