This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                                    **No. 33,848**

**KEVIN LOWE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

{1} Defendant Kevin Lowe pleaded guilty to trafficking a controlled substance, contrary to NMSA 1978, Section 30-31-20 (2006), pursuant to a conditional plea agreement in which he reserved the right to appeal the district court's denial of his motion to suppress evidence. [RP 74] Unpersuaded by Defendant's docketing statement, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. Having considered Defendant's response, we remain unpersuaded that the district court erred and therefore affirm.

{2} On appeal, Defendant asserts that the district court erred in denying his motion to suppress evidence. [DS 3, 6; MIO 2-7] Specifically, he contends that the affidavit submitted in support of the search warrant did not establish probable cause insofar as it failed to satisfy the requirements set forth in Rule 5-211 NMRA. [DS 3-6; MIO 207] Our notice detailed the relevant facts and set forth the law that we believe controls. Applying the law to the facts, we proposed to conclude that the affidavit provided the issuing judge with sufficient information to establish both the basis of the confidential informant's knowledge and the confidential informant's credibility, such that the warrant was supported by probable cause. We do not reiterate our analysis detailed in the notice here and instead focus on the content of the memorandum in opposition.

{3}     Focusing on the veracity requirement, Defendant's response to our notice continues to argue that the affidavit in support of the search warrant could not support a finding of probable cause. [MIO 4-7] *See State v. Vest*, 2011-NMCA-037, ¶ 12, 149 N.M. 548, 252 P.3d 772 ("[T]he allegations of an informant cannot provide probable cause to issue a search warrant unless both the basis of the informant's knowledge and the veracity of the informant are demonstrated."). The affidavit in this case states, "This Confidential Informant has provided me with true and accurate information concerning the sales of drugs, on at least three occasions." [RP 67] Defendant contends that this statement is "so broad as to be meaningless." [MIO 5-6] We are not convinced. As we explained in our notice, our case law indicates this statement provided sufficient information to establish the credibility of the informant. *See State v. Cordova*, 1989-NMSC-083, ¶ 20, 109 N.M. 211, 784 P.2d 30 (concluding that an affidavit was sufficient where it stated that the informant had provided information in the past that the affiant found to be true from personal knowledge and investigation); *State v. Therrien*, 1990-NMCA-060, ¶ 6, 110 N.M. 261, 794 P.2d 735 ("The New Mexico Supreme Court has approved an unadorned allegation that the informant had provided information in the past which the affiant did find to be true and correct from personal knowledge and investigation." (internal quotation marks and citation omitted)), *overruled on other grounds by State v. Barker*, 1992-NMCA-117, ¶ 13, 114

3

N.M. 589, 844 P.2d 839; *State v. Ramirez*, 1980-NMCA-108, ¶ 4, 95 N.M. 202, 619 P.2d 1246 (concluding that credibility was established "by the statement in the affidavit that the affiant knows the informant to be reliable because he has provided him with reliable information concerning narcotics violations in the past"); *State v. Cervantes*, 1979-NMCA-029, ¶¶ 12-13, 92 N.M. 643, 593 P.2d 478 (concluding that the credibility of an informant was established by a statement in an affidavit, providing that the informant had provided information in the past week that had resulted in the recovery of stolen property). Additionally, Defendant's analogies to *Vest*, 2011-NMCA-037, and *Therrien*, 1990-NMCA-060, in his memorandum in opposition [MIO 6-7] are likewise unavailing as they are easily distinguishable for the reasons we set forth in our notice in discussing *Vest*.

{4} In short, Defendant's response does not assert any new factual or legal argument that persuades this Court that our notice was incorrect regarding the adequacy of the affidavit. Accordingly, on the basis of our proposed analysis and the reasons set forth in this Opinion, we hold that probable cause supported the issuance of the search warrant in this case, and the district court therefore properly denied Defendant's motion to suppress.

{5} Based on the foregoing, we affirm the district court's order denying Defendant's motion to suppress.

{6}    **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**LINDA M. VANZI, Judge**


_____
**M. MONICA ZAMORA, Judge**