This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellant,

v.                                                    **NO. 36,207**

**JEREMY WOOD,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SIERRA COUNTY**
**Matthew G. Reynolds, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Margaret Kennedy, Practicing Law Student
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     The State appeals from the district court's order granting Defendant's motion to suppress evidence. We previously issued a notice of proposed summary disposition in which we proposed to reverse the district court's decision. Defendant has filed a memorandum in opposition. After due consideration, we are unpersuaded. We therefore reverse.

{2}     The pertinent background information was set forth in the notice of proposed summary disposition. We will avoid undue repetition here and focus instead on the content of the memorandum in opposition.

{3}     In the memorandum in opposition, Defendant challenges our proposed finding that the search warrant affidavit contained sufficient information for the issuing court to conclude that the informant upon whose tip the affiant relied was credible. [MIO 4] *See State v. Hernandez*, 1997-NMCA-006, ¶ 28, 122 N.M. 809, 932 P.2d 499 ("In New Mexico, probable cause can be based on an informant's tip only when the responding officers have a substantial basis for believing the informant is reliable and the informant's basis of knowledge is established."). Initially, we note that Defendant argues that the informant had been accused of stealing a rifle and some tools by his employer and, therefore, tried to shift the blame to Defendant by telling the affiant that Defendant possessed guns and tools. [MIO 1] However, the search warrant affidavit did not include information regarding any such accusations against the informant, and we thus do not consider these facts. [State's exhibit 1] *See State v. Williamson*, 2009-

NMSC-039, ¶ 31, 146 N.M. 488, 212 P.3d 376 (holding that, where a search warrant is obtained, "[o]ur review is limited to the four corners of the search warrant affidavit"). Defendant further claims that the informant admitted to being "high" at the time he spoke with the affiant. [MIO 1] This fact is likewise not in the search warrant affidavit, and we therefore do not consider it. [State's exhibit 1] *See id.*

{4}     Defendant challenges our reliance on *State v. Barker*, 1992-NMCA-117, 114 N.M. 589, 844 P.2d 839, and argues that, to the extent the informant's admission that he had violated his parole by smoking methamphetamine and marijuana with Defendant was a statement against penal interest, the same was insufficiently related to a crime forming the basis of probable cause for the search warrant. [MIO 6, 11-15] We are not persuaded. The affiant requested a warrant authorizing, in part, the search for evidence of possession of drug paraphernalia. [State's exhibit 1; MIO 2-3] The informant admitted to consuming controlled substances by using three pipes that belonged to Defendant and provided a detailed description of each pipe. [Id.] Therefore, unlike the situation in *Barker*, *see id.* ¶ 7, in this case the informant's statement against his penal interest was closely related to the criminal activity for which probable cause to search was being established. For the same reason, the facts in *State v. Vest*, 2011-NMCA-037, ¶ 14, 149 N.M. 548, 252 P.3d 772, are likewise distinguishable. [MIO 14-15]

{5}     Defendant further argues that the informant's admission to having violated parole a fourth time was not a statement against penal interest because "he was already handcuffed and in custody for violating his parole[.]" [MIO 13] We are unpersuaded. In *Barker*, we held that "[t]here must be information in the affidavit that tends to show that the informant would have had a reasonable fear of prosecution at the time he made the statement." 1992-NMCA-117, ¶ 12. Here, the informant was facing the possibility that his parole would be revoked, subject to proof of the new violation at a parole revocation hearing, and his admission of the violation increased the likelihood of such revocation. Therefore, we hold that the requirements of *Barker* were satisfied; we find Defendant's reliance on facts not in the record and cases interpreting the admissibility of hearsay evidence at trial unpersuasive. [MIO 12-15]

{6}     Defendant also appears to argue that the saliva test performed on the informant was insufficient corroboration of his statement that he had smoked marijuana and methamphetamine with Defendant because it was performed prior to the affiant's arrival at the scene. [MIO 1, 4, 13] Defendant does not challenge the results of this test, and we fail to see how its timing alone affects the test's corroborating function.

{7}     Defendant further argues that the informant's statement that Defendant unlawfully possessed firearms was not credible because it was not against the informant's penal interest and was not sufficiently corroborated by independent investigation. [MIO 6, 15] We agree with Defendant that this statement was not

4

against the informant's penal interest. As we stated in our calendar notice, however, we believe that this statement was sufficiently corroborated by the affiant's independent investigation into Defendant's criminal history and the discovery that he was in fact a convicted felon. [State's exhibit 1] Defendant asserts, without providing any supporting authority or suggestions as to what additional investigation could have been conducted, that independent corroboration of each element of the suspected crime was required. [MIO 16] *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that where a party cites no authority to support an argument, we may assume no such authority exists). Therefore, we remain unpersuaded.

**{8}** Defendant next argues that "[t]he double hearsay in this case does not provide a basis for establishing the reliability of [the informant]." [MIO 16-17] Defendant appears to refer to Defendant's statement to the informant that he possessed firearms, which the informant relayed to the affiant. [MIO 15] "[T]he presence of 'double hearsay,' in itself, does not render [a search warrant] affidavit legally insufficient." *State v. Perea*, 1973-NMCA-123, ¶ 15, 85 N.M. 505, 513 P.2d 1287; *see also State v. Alderete*, 1975-NMCA-058, ¶ 10, 88 N.M. 14, 536 P.2d 278 (holding that search warrant affidavit containing double hearsay established probable cause for arrest warrant where information at issue "would have provided probable cause if given directly to the affiant detective"). Defendant does not develop his argument beyond

5

stating that hearsay is unreliable, and we therefore decline to address it further. [MIO 16] *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining to entertain a cursory argument).

{9} Lastly, Defendant asks us to affirm the district court's order under the right-for-any-reason doctrine, arguing that the information in the search warrant affidavit pertaining to the firearms was stale. [MIO 2, 17-20] We refuse to do so. "Probable cause to authorize the issuance of a search warrant requires a factual showing that an accused, at the time of the application for warrant, is in possession of illegal property or the fruits of a crime or that evidence relating to the commission of a crime exists on the premises sought to be searched." *State v. Lovato*, 1994-NMCA-042, ¶ 8, 118 N.M. 155, 879 P.2d 787 (internal quotation marks and citation omitted). Defendant relies heavily on the fact that, when the affiant arrived at the scene on November 10, 2015, the informant's parole officer told him that the informant had indicated that he had been at Defendant's apartment "on Sunday afternoon," which would have been November 8, 2015. [MIO 3, 6, 17-20] However, the affidavit further states that when the informant spoke directly with the affiant, the informant stated that he had discussed the unlawfully possessed firearms with Defendant on November 9, 2015. [State's exhibit 1] Therefore, the affidavit established that the information was one day old. Defendant further asserts that the informant stated that "[Defendant] was *getting rid* of his guns" [MIO 21], "knew that the Housing Authority would arrive at

6

any moment to search his house and was actively trying to get rid of the guns in his vents[,]" [MIO 19] and was trying to "quickly get rid of [the guns]" [MIO 20]. In fact, the affidavit merely stated that Defendant "needed to get rid of [the firearms], and that he hid them in the vent system of the apartment because he was alerted by the Housing Authority that they were going to do an inspection [of] his apartment[.]" [State's exhibit 1] Contrary to Defendant's interpretation, a common sense reading of this statement indicates that Defendant believed that hiding the guns "in the vent system" was sufficient to address the risk of discovery during an inspection, and does not communicate the heightened urgency argued by Defendant. Therefore, even assuming that the information was two days old, we conclude that it was not stale for purposes of probable cause.

{10}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we reverse.

{11}     **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**

_____

**JONATHAN B. SUTIN, Judge**