This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40659**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellant,

v.

**ANTHONY ESTRADA,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF McKINLEY COUNTY**
**Louis E. DePauli, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Van Snow, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}**    This matter was submitted to the Court on the brief in chief, pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluded the briefing submitted to this Court provides no possibility for reversal, and determined that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}**     The State appeals an order suppressing evidence, arguing that the district court erred by finding that a search warrant was issued in the absence of probable cause to believe that evidence of a crime would be found at the place searched. Although the district court found two different search warrants defective, the State concedes the infirmity of the second warrant and this appeal deals only with the first warrant. [BIC 10, 11] That first warrant was issued on the basis of an affidavit reciting information provided to a sheriff's deputy by an anonymous informant and the issues addressed by the suppression order are governed by Rule 5-211(E) NMRA, which permits the issuance of search warrants based upon hearsay, so long as "there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished." *State v. Cordova*, 1989-NMSC-083, ¶ 10, 109 N.M. 211, 784 P.2d 30 (emphasis, internal quotation marks, and citation omitted); *see id.* ¶ 11 (explaining that Rule 5-211(E) requires affidavits to support findings regarding both a hearsay declarant's "veracity" and "basis of knowledge" (internal quotation marks omitted)). The purpose of these two requirements is "to ensure that the court, rather than the police, make the determination that probable cause, based on reliable information, is present." *State v. Barker*, 1992-NMCA-117, ¶ 4, 114 N.M. 589, 844 P.2d 839.

**{3}**     The hearsay at issue in this case was told to a sheriff's deputy by a recently-incarcerated informant. [RP 44-45; BIC 2-3] Some of that hearsay described the fatal overdose of a man named Robert Sanchez several months earlier. [BIC 2] According to the informant, Defendant supplied the drugs that led to the overdose and the informant witnessed three men, including Defendant, putting Mr. Sanchez's body into his own truck before one of the men drove the truck away. [Id.]

**{4}**     Because Mr. Sanchez appears to have died of an opioid overdose on the date the informant described and because his truck was the same make and model the informant described, the State asserts that other hearsay statements made by the same informant, which were relevant to making a probable-cause determination, should be viewed as reliable. [BIC 13-14] That other hearsay included statements that Defendant stores narcotics at a house identified in the warrant, that he distributes narcotics from that house, that he has a safe buried in the back yard of that house, that there is money in the safe, that Defendant has firearms at the house, and that narcotics are hidden in "numerous vehicles surrounding" the house. [RP 44-45] With regard to those facts, the order on appeal found the informant's statements to be conclusory, unaccompanied by any facts that would allow an independent assessment of their veracity, and uncorroborated by any other available information. [RP 132-33]

**{5}**     Turning to the two-part "veracity" and "basis of knowledge" test mandated by Rule 5-211(E), the State directs our attention to five factors described in our cases regarding the veracity of hearsay statements in search warrant affidavits. [BIC 12] In particular, to satisfy the first prong of that test, the State suggests three of those factors support a finding of veracity because: the informant had given reliable information in the past, independent investigation corroborated the informant's information, and other facts and circumstances allowed the court to impute reliability. [BIC 13] *See State v. Vest*,

2011-NMCA-037, ¶ 13, 149 N.M. 548, 252 P.3d 772 (enumerating five ways an affidavit can include facts sufficient to assess credibility of hearsay declarants).

{6}     With regard to the first factor, we note, as did the district court, that nothing in the affidavit involves the informant having ever provided any information—reliable or otherwise—in the past. [RP 133] Instead, the purportedly reliable information described in both the affidavit and the State's brief involves the overdose incident that the informant described during his interview with the deputy in this case. [RP 45] The State does not suggest how that information amounts to "past performance" that could provide "indicia of veracity because of the probability that the uncertain present result will be the same as in the past." *Id.* ¶ 16 (internal quotation marks and citation omitted). Instead, the State's brief moves on to the next factor by arguing that the information about an overdose was corroborated by independent investigation. [BIC 14] We are unpersuaded that the affidavit recited any facts involving the informant's past performance.

{7}     The State next asserts that the informant's hearsay statements about an overdose were corroborated by the fact that the decedent was found inside his truck around the time the informant described. [BIC 13-14] Like the district court, we are unpersuaded that those facts about an event that had occurred months earlier provided a substantial basis for assessing an anonymous informant's credibility with regard to unrelated events like the uncorroborated trafficking allegations described in the remainder of the affidavit. *Compare State v. Therrien*, 1990-NMCA-060, ¶ 15, 110 N.M. 261, 794 P.2d 735 (noting that information corroborated was not incriminatory and was "so readily available to any member of the public that the [declarant's] accuracy in this regard was not probative of his accuracy regarding covert criminal activity"), *with State v. Jones*, 1981-NMSC-013, ¶ 4, 96 N.M. 14, 627 P.2d 409 (relying upon informant's disclosure of facts not publicly known); *cf. State v. Bedolla*, 1991-NMCA-002, ¶ 15, 111 N.M. 448, 806 P.2d 588 (noting in the context of a warrantless stop that "the corroborated portions of the tip were readily available to any member of the public").

{8}     Finally, the State suggests that the informant's veracity was established by the affidavit's recitation of "facts and circumstances" from which reliability could be imputed. [BIC 12] The only facts and circumstances relied upon, however, involve the informant's description of "specific details" regarding where Defendant allegedly stored money and narcotics at the house. [BIC 14] In the absence of any corroboration, however, such facts have no bearing upon an informant's veracity; rather, our cases have consistently dealt with such facts in the context of the second prong of Rule 5-211(E), that there be "a factual basis for the information furnished." *Cordova*, 1989-NMSC-083, ¶ 10 (emphasis, internal quotation marks, and citation omitted); *see id.* ¶ 11 (describing the "basis of knowledge" test). That, however, is an analysis that becomes relevant only if "there is a substantial basis for believing the source of the hearsay to be credible." *Id.*; *see id.* ¶ 9 (explaining that a sufficiently detailed factual recitation may support an inference of firsthand knowledge where the declarant is "an informant who otherwise is known to be credible").

**{9}** Because we conclude that the affidavit under review did not satisfy the first prong of Rule 5-211 by providing a substantial basis for the issuing court to assess the anonymous informant's credibility, we need not reach the separate question of whether details related by that informant suggested personal knowledge of the matters asserted, as would be necessary to satisfy the second prong. Ultimately, we conclude that the affidavit did not "provide a substantial basis for determining that there [was] probable cause to believe that a search [would] uncover evidence of wrongdoing." *State v. Williamson*, 2009-NMSC-039, ¶ 29, 146 N.M. 488, 212 P.3d 376.

**{10}** Based on the foregoing, we affirm the order of the district court suppressing evidence obtained as the result of the execution of the defective warrants.

**{11}  IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**